

Trey Grayson
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax (502) 564-1484

September 2, 2008

RECOVERY CONCEPTS, INC.
SERVE: LAWRENCE WILSON, JOHN ROBERTS, OR ANY OFFICER
1925 E. BELT LINE
CARROLLTON, TX 75006

82877-346

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 08-CI-08944

COURT: Circuit Court Clerk
Jefferson County, Division: 4
600 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-105 Doc. Code: CI<br>Rev. 1-07 08/26/2008 09:10 am<br>Page 1 of 1 Ver. 1.02<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. **08CI08944** |
|---|---|---|
| | | Court ☑ Circuit ☐ District |
| | | County Jefferson |

**PLAINTIFF**

Patricia L. Kennedy, DVM, and
Jefferson Animal Hospital
4504 Outer Loop
Louisville Kentucky 40219

JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)

VS.

**DEFENDANT**

Recovery Concepts, Inc.
1925 East Belt Line Road, Suite 510
Carrollton Texas 75006

RECEIVED
SEP 0 2 2008
SECRETARY OF
COMMONWEALTH
officer

**Service of Process Agent for Defendant:**
Lawrence Wilson, John Roberts, or any
through KY Secretary of State pursuant
to Long-Arm Statute, 1925 E. Belt Line,
Carrollton Texas 75006

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG 27 2008, 2____

_David L. Nicholson_ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

**08CI08944**

| AOC-105 | Doc. Code: CI | | Case No. | |
|---|---|---|---|---|
| Rev. 1-07 | 08/26/2008 09:10 am | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | Ver. 1.02 | CIVIL SUMMONS | County | Jefferson |
| Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

Patricia L. Kennedy, DVM, and
Jefferson Animal Hospital
4504 Outer Loop
Louisville      Kentucky      40219

JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)

VS.

**DEFENDANT**

Recovery Concepts, Inc.
1925 East Belt Line Road, Suite 510
Carrollton      Texas      75006

**RECEIVED**
SEP 0 2 2008
SECRETARY OF STATE
COMMONWEALTH OF KY

**Service of Process Agent for Defendant:**
Lawrence Wilson, John Roberts, or any officer
through KY Secretary of State pursuant
to Long-Arm Statute, 1925 E. Belt Line,
Carrollton      Texas      75006

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.**

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG 27 2008

_David L. Nicholson_ Clerk
By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

08CI08944

NO.                                                          JEFFERSON CIRCUIT COURT

DIVISION _____

PATRICIA L. KENNEDY, DVM
4504 Outer Loop
Louisville, KY 40219                                      JEFFERSON CIRCUIT COURT
                                                                     DIVISION FOUR

and

JEFFERSON VETERINARY MANAGEMENT GROUP, INC.
d/b/a JEFFERSON ANIMAL HOSPITAL AND EMERGENCY CENTER      PLAINTIFFS
4504 Outer Loop
Louisville, KY 40219

vs.                          **COMPLAINT**

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY _____ D.C.

UNIVERSAL MEDICAL SYSTEMS, INC.
299 Adams Street
Bedford Hills, NY 10507
SERVE:    Peter Brunelli or any Officer
               Through the Kentucky Secretary of State
               Pursuant to Long-Arm Jurisdiction

and

RECOVERY CONCEPTS, INC.                                             DEFENDANTS
1925 East Belt Line Road, Suite 510
Carrollton, TX 75006
SERVE:    Lawrence Wilson, John Roberts, or any Officer
               Through the Kentucky Secretary of State
               Pursuant to Long-Arm Jurisdiction

\*\*\*     \*\*\*     \*\*\*

       Patricia L. Kennedy, DVM (Kennedy) and Jefferson Veterinary Management Group, Inc.

d/b/a Jefferson Animal Hospital and Emergency Center ("Jefferson Animal Hospital"), by counsel,

for their Complaint against Universal Medical Systems, Inc. (Universal) and Recovery Concepts, Inc.

(Recovery), state as follows:

## INTRODUCTION

1. This is an action for declaratory judgment that no sums are owed Universal by either Kennedy or Jefferson Animal Hospital. It is also an action to recover contractual damages on behalf of Jefferson Animal Hospital. Further it is an action against both Universal and Recovery for damaging Kennedy's credit.

## PARTIES

2. Kennedy is an individual residing in Louisville, Kentucky, and is an officer of Jefferson Animal Hospital which is located at 4504 Outer Loop, Louisville, Kentucky 40219-3857. Jefferson Animal Hospital is formed and organized pursuant to the laws of the Commonwealth of Kentucky and is in good standing.

3. Based upon information and belief, Universal is a foreign corporation which transacts business in the Commonwealth of Kentucky. Specifically, Universal has transacted business in Kentucky for over twenty (20) years.

4. Based upon information and belief, Recovery is a foreign corporation transacting business in the Commonwealth of Kentucky while attempting to collect debts.

## VENUE AND JURISDICTION

5. Venue and jurisdiction are proper in Jefferson Circuit Court. The amount in controversy is greater than the jurisdictional threshold, but is less than $75,000.00.

## ALLEGATIONS

6. In 2006, Jefferson Animal Hospital purchased a MyLab50 Ultrasound Unit from Universal, and which agreement involved a trade-in of a Caris Ultrasound System, including a 3.5 Probe. The original Caris Ultrasound System 3.5 Probe was replaced approximately a year prior

-2-

with a reconditioned probe. That reconditioned probe was working normally and in good pre-trade-in condition. As part of the purchase of the MyLab50 and trade-in of the Caris Ultrasound System, Universal had technical employees install and train Jefferson Animal Hospital's employees. At that time, the Caris Ultrasound System 3.5 reconditioned probe was available for inspection.

7. The reconditioned Caris Ultrasound System 3.5 Probe was returned to Universal as directed. At that time, Universal directed that the probe be returned without insurance. After the return of the probe, Jefferson Animal Hospital was notified that Universal believed the probe had excessive bubbles and requested payment of $2,000.00. Jefferson Animal Hospital disputed the charge.

8. As part of the agreement to purchase the MyLab50, Universal agreed that Dr. Ischerwood, a Jefferson Animal Hospital veterinarian, would attend both the advanced cardiac and abdominal classes. Dr. Ischerwood attended the advanced cardiac class, but instead of attending as a paid attendee, Universal used him as a class instructor. When Dr. Ischerwood attempted to make arrangements for the abdominal class, Universal informed him that it would not cover the class due to the alleged broken probe.

9. When the probe was returned, it was in good working condition. Jefferson Animal Hospital and Kennedy have disputed the alleged invoice of $2,000.00 for the returned probe and have demanded reimbursement for the advanced abdominal class. Universal has refused to remove the unwarranted charges for the returned probe and to reimburse the cost of the advanced abdominal class.

10. On or about January 29, 2008, Recovery sent a demand letter to Jefferson Animal Hospital in care of Kennedy demanding payment of $2,000.00. On February 7, 2008, Kennedy

called John Roberts from Recovery and advised him that there was no basis to pursue the claim. She advised Recovery that any adverse action on her credit report would result in further action. At that time, John Roberts became irritated and said that Kennedy was "prodding a sleeping lion."

11. On February 12, 2008, counsel for Jefferson Animal Hospital and Kennedy wrote a letter to Recovery again advising that there was no basis to pursue a claim for an outstanding balance of $2,000.00, and that there was no basis to file an adverse credit report.

12. During the summer of 2008, Jefferson Animal Hospital was obtaining a lease when it was determined that an adverse credit report had been filed, not against Jefferson Animal Hospital, but against Kennedy personally. The credit report indicated that the adverse information was reported on February 12, 2008, by Recovery. As a result of the adverse filing, Kennedy's credit score was reduced, and her credit report reflects an untrue statement inasmuch as the $2,000.00 is not owed or overdue, especially by Kennedy personally.

13. As a result of Recovery's improper filing of the credit information, Kennedy has been damaged in an amount to be established by the triers of fact after presentation of all the evidence at trial, and is entitled to punitive damages to prevent such further unwarranted action in the future.

14. Universal is liable for the acts of its agent, Recovery, in filing the false credit information. Universal is liable for both compensatory and punitive damages arising from the false filing.

15. Despite demands that the alleged balance of $2,000.00 be withdrawn and that Jefferson Animal Hospital be reimbursed for the second ultrasound class, Universal has refused to do so. As such, Jefferson Animal Hospital and Kennedy are entitled to adjudication of the claim,

to include a declaration of rights that the $2,000.00 is not owed and that Jefferson Animal Hospital recover the cost of the second ultrasound class.

**WHEREFORE**, Patricia L. Kennedy, DVM, and Jefferson Veterinary Management Group, Inc. d/b/a Jefferson Animal Hospital and Emergency Center pray as follows:

1. For judgment against Universal Medical Systems, Inc. and Recovery Concepts, Inc., for both compensatory and punitive damages to be determined after hearing the evidence presented at trial, plus judgment at the legal rate from the date of judgment until paid in full;

2. For a declaratory judgment that Jefferson Veterinary Management Group, Inc. and Patricia L. Kennedy, DVM, do not owe Universal Medical Systems, Inc. $2,000.00;

3. For trial by jury on all issues that are triable;

4. For recovery of its costs herein expended, to include a reasonable attorney's fee if appropriate; and

5. For any and all other relief to which they may appear to be entitled.

Respectfully submitted,

LINDA Y. ATKINS
THOMAS H. ATKINS
ATKINS & ATKINS
2420 Meidinger Tower
462 S. Fourth Street
Louisville, KY 40202
(502) 584-9714
(502) 584-0242 (Fax)
COUNSEL FOR PLAINTIFFS

E:\ARJUNGTO\Kennedy Complaint.wpd